Argued and submitted February 11, affirmed May 18, petition for review denied October 6, 2022 (370 Or 303)

# STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

# ETHAN CHEMXANANOU,
*Defendant-Appellant.*

## Multnomah County Circuit Court
## 19CR20299; A173966

510 P3d 954

Defendant appeals his conviction for four counts of criminal mistreatment in the first degree, ORS 163.205, challenging the court's refusal to give a witness-false-in-part jury instruction and asserting that the court plainly erred by omitting a culpable mental state with respect to the element of causing physical injury. *Held*: As to the witness-false-in-part instruction, the error was harmless because the jury's verdict revealed that it necessarily believed that the witness testimony was not false in part. As to the culpable mental state, the Oregon Court of Appeals declined to exercise its discretion to correct any error because, once again, the jury's verdict indicated that any error was harmless. Instructing the jury that defendant must have acted with criminal negligence that his conduct would cause injury would not have impacted the verdict because it is implausible that the jury, having found that defendant knowingly strangled, kicked, hit with a plate, and punched his children, would then find that he was not at least negligent with respect to the fact that they would be injured as a result.

Affirmed.

Kelly Skye, Judge.

Mark Kimbrell, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Michael A. Casper, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before James, Presiding Judge, and Egan, Judge, and Kamins, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Defendant appeals his conviction for four counts of criminal mistreatment in the first degree, ORS 163.205. Defendant challenges the court's refusal to give a witness-false-in-part jury instruction and asserts that the court plainly erred by omitting a culpable mental state with respect to the element of resulting physical injury.[1] We affirm.

Defendant and his wife, Applegate, lived with their three children in Gresham for several years. A few years after defendant moved out and began a new relationship, he was charged in relation to four different instances of child abuse. The first two concerned defendant's then-13-year-old son, K, and included kicking the child and squeezing his throat until he lost consciousness. The other two incidents involved his then-15-year-old daughter, N. In one, he hit N with a dinner plate and in the other, he punched her in the nose, causing a deviated septum.

Defendant altogether denied that he had kicked or strangled K, or that he had hit N with a dinner plate. He did not deny that he had hit N in the nose but claimed that it was accidental. At the time of that incident, the police were summoned, and defendant told them that he "smacked" N but did not intend to hurt her. The defense theory of the case was that the family—and particularly defendant's ex-wife—had manufactured the allegations in retaliation for his leaving the family.

At trial, Applegate, N, and K, all testified. As to the punching incident, N testified that it occurred after she intervened to protect K, whom defendant had pushed to the ground. After she intervened, defendant "came at [her] and swung at her face" with a closed fist punch, breaking her glasses and causing a deviated septum. N and Applegate testified that defendant punched N intentionally, but acknowledged that on the day of the incident they told the police otherwise. At trial, they explained that they were afraid

---

[1] Defendant also assigns error to the jury instruction regarding jury unanimity, but, as defendant acknowledges, that challenge is foreclosed by *State v. Flores Ramos*, 367 Or 292, 478 P3d 515 (2020).

that the police would take defendant and Applegate away and put the children in foster care, so they told police it was an accident. Due to that inconsistency, defendant requested a witness-false-in-part instruction, which the court denied. Defendant assigns error to that denial.

The "witness false in part" instruction provides "[t]hat a witness false in one part of the testimony of the witness may be distrusted in others[.]" ORS 10.095(3). That instruction is appropriate when "sufficient evidence exists for the jury to decide that at least one witness consciously testified falsely and that the false testimony concerns a material issue." *State v. Payne*, 366 Or 588, 600, 468 P3d 445 (2020). Given that there was evidence that the witnesses made statements to police that directly contradicted their trial testimony on a material issue, we agree with defendant that the trial court erred in declining to give a witness-false-in-part instruction.

We further conclude, however, that the trial court's error was harmless. *See State v. Owen*, 369 Or 288, 323, 505 P3d 953 (2022) (observing that an error is harmless if there was "little likelihood that the error affected the verdict" (citation omitted)). The witness-false-in-part instruction informs jurors that, if they conclude that one part of a witness's testimony is false, they may disbelieve the remainder of that witness's testimony. To trigger the second part of the instruction, the jury necessarily must have concluded that a witness was false in the first place. The jury's verdict in this case, however, reveals that it believed N and Applegate and disbelieved defendant as it relates to the potentially false testimony.

Specifically, N and Applegate testified that defendant intentionally punched N, whereas defendant testified that it was an accident—according to defendant, his hand inadvertently swung into N's face when he was trying to pull away from Applegate. The jury resolved the dispute against defendant when it found him guilty of criminal mistreatment as to that event, determining that he "was aware of the assaultive nature of his conduct." To reach that conclusion, the jury must have disregarded the inconsistent statements to police—that the hit was accidental—and believed N and

Applegate's trial testimony—that the hit was intentional. In other words, the jury necessarily concluded that the witness testimony was *not* false in part. Because the witness-false-in-part instruction has no effect if the factfinder does not first conclude that a witness testified falsely, the failure to give the instruction was harmless. *See State v. Labossiere*, 307 Or App 560, 569, 477 P3d 1 (2020) (so concluding when the jury's verdict demonstrated that it did not find the witness to have testified falsely).

Defendant next assigns as plain error the jury instruction describing the applicable culpable mental state. As relevant here, a person commits first-degree criminal mistreatment when they, "in violation of a legal duty to provide care for a dependent person[,] *** knowingly: [c]ause[] physical injury or injuries to the dependent person." ORS 163.205(1)(b)(A). In accordance with then-binding case law, the court instructed the jury that "when used in the phrase, 'knowingly caused physical injury,' 'knowingly' means that the defendant acted with an awareness that his conduct was assaultive in nature." *See State v. Barnes*, 329 Or 327, 338, 986 P2d 1160 (1999) (analyzing the phrase "knowingly causes serious physical injury" in the crime of second-degree assault, ORS 163.175(1)(a)); *State v. English*, 269 Or App 395, 400, 343 P3d 1286 (2015) (applying the *Barnes* description of knowingly to first-degree criminal mistreatment).

After the trial, the Oregon Supreme Court over-ruled *Barnes* and held that the result element in the crime of assault carries a culpable mental state of at least criminal negligence, such that it is error not to instruct the jury that a defendant must act with a culpable mental state as to the element of causing physical injury. *Owen*, 369 Or at 322. The same day, the Supreme Court also reversed as plain error two assault cases in which the trial courts had used the *Barnes* description of "knowingly causes physical injury." *State v. McKinney/Shiffer*, 369 Or 325, 505 P3d 946 (2022). Defendant argues that the same logic applies to criminal mistreatment, such that the jury should also have been instructed to consider whether defendant was criminally negligent with respect to his actions resulting in physical injury.

Assuming that the trial court committed plain error, we must determine whether to exercise our discretion to correct it. *See Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382 n 6, 823 P2d 956 (1991) (discussing factors to consider in deciding to exercise discretion). We decline to exercise our discretion to correct any error here because, once again, the jury's verdict indicates that any error was harmless. *See State v. Ross*, 271 Or App 1, 7, 349 P3d 620 (2015) (declining to exercise *Ailes* discretion because error was likely harmless).

Instructing the jury that defendant must have acted with criminal negligence that his conduct would cause injury would not have impacted the verdict. Criminal negligence requires that defendant "fail[ed] to be aware of a substantial and unjustifiable risk" such that the "failure to be aware of it constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation." ORS 161.085(10). The jury found that defendant, with an awareness that his conduct was assaultive in nature, strangled and kicked K, hit the back of N's head with a plate, and punched N in the face. It is implausible that the jury, having found that defendant knowingly took those actions, would then find that he was not at least negligent with respect to the fact that the children could be injured as a result. Because there is little likelihood that the jury could find otherwise, we decline to exercise our discretion. *See Owen*, 369 Or at 324 (concluding that the error was harmless when the jury found that defendant was aware that his conduct was assaultive and that the weapons that he used were readily capable of causing serious physical injury); *see also State v. Longjaw*, 318 Or App 487, 497, 508 P3d 27 (2022) (declining to exercise discretion to correct plain error when there was "no plausible way that the jury's guilty verdict was influenced by" the error).

Affirmed.