Submitted March 28, affirmed June 8, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CURTIS ALAN KRIGBAUM,
*Defendant-Appellant.*

Washington County Circuit Court
19CR43390; A173150

512 P3d 1275

Oscar Garcia, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Daniel C. Bennett, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Joanna L. Jenkins, Assistant Attorney General, filed the briefs for respondent.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

PER CURIAM

Affirmed.

## PER CURIAM

Defendant appeals his conviction for criminal mistreatment in the first degree, ORS 163.205, and assault in the third degree, ORS 163.165, asserting four assignments of error. We reject the first and fourth assignments without discussion and write briefly to address the second and third assignments, both of which relate to jury instructions about the requisite culpable mental state. We conclude that the trial court erred, but that the error was harmless, and we therefore affirm.

The charges, which the trial court merged after the verdict, arose out of the same occurrence, in which defendant's 14-month-old son, L, suffered a tear to his upper labial frenulum, the skin that connects the upper lip to the gum line. The state's theory was that defendant pushed L's face into a pillow to stop him crying, whereas defendant testified that the child fell and hit his lip on a phone charger.

An element of both crimes as charged was that defendant "knowingly caused physical injury" to L. *See* ORS 163.205(1)(b)(A); ORS 163.165(1)(h). The Supreme Court recently construed the same phrase in the crime of second-degree assault, ORS 163.175, to mean that a defendant must knowingly engage in assaultive conduct and be at least criminally negligent with respect to the resulting injury. *State v. Owen*, 369 Or 288, 322, 505 P3d 953 (2022) (overruling *State v. Barnes*, 329 Or 327, 338, 986 P2d 1160 (1999)); *see also State v. Chemxananou*, 319 Or App 636, 640, 510 P3d 954 (2022) (declining to exercise discretion to correct lack of culpable mental state for resulting injury because any error was harmless).

Here, in accordance with *Barnes* and before *Owen* was decided, the trial court instructed the jury that "in order to prove the defendant knowingly caused physical injury to [L], the state must prove that the defendant knew of the assaultive nature of his conduct. The state need not prove the defendant was aware that his conduct would cause physical injury to [L]." The trial court denied defendant's request to instruct the jury that the state had to prove that defendant was at least criminally negligent regarding L being injured, which was erroneous in light of *Owen*.

However, that error was harmless in light of the verdict and other jury instructions provided. *See State v. Reed*, 299 Or App 675, 688, 452 P3d 995 (2019) ("If error is harmless, this court is required to affirm a defendant's conviction."); *State v. Ashkins*, 357 Or 642, 660, 357 P3d 490 (2015) (In determining whether instructional error is harmless, "the court considers the instructions as a whole and in the context of the evidence and record at trial."). Criminal negligence requires that a defendant "fail[ed] to be aware of a substantial and unjustifiable risk" such that the "failure to be aware of it constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation." ORS 161.085(10).

At defendant's request, the trial court instructed the jury that for defendant's conduct to be "assaultive" in nature it would need to be "aggressive physical behavior that could result in physical injury." That instruction required that the jury not only find that defendant failed to be aware of a risk of injury to L in a deviation from the standard of care—as required to form the mental state of criminal negligence, ORS 161.085(10)—but that defendant was, in fact, aware of that risk and proceeded anyway. By finding defendant guilty, the jury necessarily determined that defendant pushed L's face into a pillow, and not, as defendant testified, that L fell on a phone charger. The jury thus determined that defendant (1) knew that pushing L's face into a pillow was aggressive physical behavior and (2) knew that such behavior could result in physical injury. On this record, a juror finding those facts as to defendant's conduct regarding a baby necessarily would have concluded that defendant grossly deviated from the standard of care that a reasonable person would have exercised. Thus, because the jury's verdict demonstrates that it understood defendant to have acted with at least criminal negligence as to the injury element, the failure to specifically instruct the jury as to that mental state was harmless.

Affirmed.