***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted December 15, 2020, affirmed June 23, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JUAN MANUEL OCHOA-PEREZ,
*Defendant-Appellant.*

Washington County Circuit Court
18CR68053; A171326

Oscar Garcia, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kyle Krohn, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Robert M. Wilsey, Assistant Attorney General, filed the briefs for respondent.

Before Mooney, Presiding Judge, and Egan, Judge, and Pagán, Judge.

EGAN, J.

Affirmed.

**EGAN, J.**

Defendant appeals a judgment of conviction for interfering with a peace officer, ORS 162.247, and resisting arrest, ORS 162.315. Defendant raises two assignments of error and a supplemental assignment of error. We reject defendant's second assignment of error without discussion. In defendant's first assignment, he argues that the trial court erred in rejecting defendant's proposed special jury instruction on the resisting arrest charge. In defendant's supplemental assignment of error, defendant requests that we review whether the trial court erred in failing to instruct the jury on criminal negligence as plain error. As to the first assignment, we conclude that the court did not err. As to defendant's supplemental assignment of error, we decline to exercise our discretion to review the error. Accordingly, we affirm.

The relevant facts are brief and undisputed. A domestic dispute was reported, and, in response, several sheriff's deputies arrived at defendant's location. As a part of the deputies' training, they separated defendant from the other people at that location, including the alleged victim of the domestic disturbance. After a brief conversation, defendant attempted to go inside, at which time the deputies told him that he was "not free to go inside the house." The deputies then ordered defendant to put his hands behind his back and attempted to handcuff him. After one of the deputies grabbed defendant's hand, he "yanked his hand away" and then began to "struggle" with one of the deputies until the deputy was able to force defendant to the ground. Defendant was then arrested for resisting arrest and interfering with a peace officer.

The day before trial, defendant filed his proposed jury instructions, including a special jury instruction, which provided a definition of resisting arrest that included as an element that "[b]y resisting, [defendant] intentionally created a substantial risk of physical injury to any person." The trial court rejected that instruction, and, rather, instructed the jury that, to find defendant guilty of resisting arrest, it must find that he "did unlawfully and intentionally resist [a sheriff's deputy], a person known to the defendant to be

a peace officer, in making an arrest." The court then gave a separate instruction on the definition of "resists," as follows:

> "[U]se or threatened use of violence, physical force, or any other means that create[s] a substantial risk of physical injury to any person and includes but is not limited to behavior clearly intended to prevent being taken into custody by overcoming the actions of the arresting officer. The behavior does not have to result in actual physical injury to an officer."

The jury found defendant guilty on both counts. This timely appeal followed.

Defendant's first assignment of error raises an issue that we recently decided in *State v. Prophet*, 318 Or App 330, 507 P3d 735 (2022). In that assignment, defendant asserts that the trial court erred when it refused to give his special jury instruction that the crime of resisting arrest requires that the defendant intend to create a substantial risk of physical injury. We concluded in *Prophet* that ORS 162.315 does not require that a defendant intentionally create a substantial risk of harm, and therefore it was not error to refuse to give the defendant's proposed instruction that stated that an individual must intentionally create a substantial risk of harm to be convicted of resisting arrest. *Id.* at 331. *Prophet* controls here, and, thus, the trial court did not err in failing to give defendant's proposed erroneous jury instruction.

In defendant's supplemental assignment of error, defendant argues that, even if the mental state for the "substantial risk of injury" element of resisting arrest does not require a mental state of "intentionally," then the mental state must be criminal negligence. Defendant's reasoning is that, because "the element of creating a substantial risk of injury is a 'material element that necessarily requires a mental state,'" *id.* at 350, that mental state must be at least criminal negligence under the reasoning of *State v. Owen*, 369 Or 288, 322, 505 P3d 953 (2022). Defendant further argues that the error is plain and that we should exercise our discretion to review that error.

If the trial court committed plain error, we must determine whether to exercise our discretion to correct it.

*See Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382 n 6, 823 P2d 956 (1991) (listing factors to consider in deciding to exercise discretion). Assuming that the correct mental state for the "substantial risk of injury" element of resisting arrest is, at a minimum, criminal negligence, we decline to exercise our discretion to correct any error here because the jury's verdict indicates that any potential error was harmless.[1] *See Owen*, 369 Or at 323 (observing that an error is harmless if there was "little likelihood that the error affected the verdict" (citation omitted)); *see also State v. Ross*, 271 Or App 1, 7, 349 P3d 620 (2015) (declining to exercise our discretion to review a plain error because error was likely harmless).

Instructive is our decision in *State v. Chemxananou*, 319 Or App 636, 510 P3d 954 (2022). In *Chemxananou*, the defendant was convicted of first-degree criminal mistreatment, which, as relevant to that case, required that defendant violate "a legal duty to provide care for a dependent person" and "knowingly: [c]ause[ ] physical injury or injuries to the dependent person." 319 Or App at 639 (internal quotation marks omitted; brackets in original). Although the trial court in *Chemxananou* did not instruct the jury of the criminal negligence mental state with respect to the defendant's conduct of causing physical injury in the first-degree criminal mistreatment statute, which we assumed but did not decide was necessary pursuant to *Owen*, we nevertheless concluded that the error was harmless because "[i]nstructing the jury that defendant must have acted with criminal negligence that his conduct would cause injury would not have impacted the verdict." *Id*. at 640. We reasoned that

> "[t]he jury found that defendant, with an awareness that his conduct was assaultive in nature, strangled and kicked K, hit the back of N's head with a plate, and punched N in the face. It is implausible that the jury, having found that defendant knowingly took those actions, would then find that he was not at least negligent with respect to the fact that the children could be injured as a result."

*Id*.

---

[1] Defendant only argues that the correct mental state is criminal negligence. Thus, we limit our discussion to whether the error was harmless under the mental state of criminal negligence, and we do not determine whether the error would be harmless under any other potential mental state for the element.

Similarly, here, given the facts and the instructions to the jury, there is little likelihood that the error affected the verdict. The jury was instructed that it had to find that defendant "intentionally" resisted the officers; that is, that he acted intentionally when he struggled against their attempt to handcuff him. Given that, there is little likelihood that the jury would not have also found that he was criminally negligent with respect to creating a substantial risk of injury to himself or the deputy, especially given the risks that are associated with struggling with police, as demonstrated by the part of the instruction that defines resists as "behavior clearly intended to prevent being taken into custody by overcoming the actions of the arresting officer." Thus, because there is little likelihood that the jury would have found otherwise absent the error, we decline to exercise our discretion to review the error.

Affirmed.