***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Argued and submitted May 9, conviction on Count 1 reversed and remanded, remanded for resentencing, otherwise affirmed June 22, 2023

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

STEVEN ANTHONY AGUIRRE,
*Defendant-Appellant.*

Curry County Circuit Court
21CR18860, 21CR30742;
A176983 (Control), A176984

Cynthia Lynnae Beaman, Judge.

Kyle Krohn, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Robert M. Wilsey, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

KAMINS, J.

Conviction on Count 1 reversed and remanded; remanded for resentencing; otherwise affirmed.

**KAMINS, J.**

Defendant was convicted, following a bench trial, of assaulting a public safety officer, ORS 163.208[1] (Count 1).[2] Defendant appeals, assigning error to the trial court's failure to consider whether he had a culpable mental state as to the element of resulting physical injury. We reverse and remand.

The material facts are not in dispute. Officer Aryanfard saw defendant and another man having an altercation, in which defendant appeared to be the aggressor. When defendant did not follow Aryanfard's instructions to stop, Aryanfard attempted to restrain him by grabbing his shoulders from behind. Defendant continued trying to fight the other man and tried to escape Aryanfard's grasp by twisting his shoulders. Then, defendant "thrust" his shoulder backward into Aryanfard's collarbone, causing her to fall to one knee. The strike did not cause pain to her collarbone, but her knee was injured from hitting the pavement. Aryanfard quickly managed to regain her footing and detain defendant.

As alleged in the indictment, ORS 163.208 requires that the person "knowingly cause[d] physical injury" to a public safety officer. In accordance with then-binding Supreme Court precedent, both parties requested a jury instruction that knowingly causes physical injury "means that the person acts with an awareness that his conduct is assaultive in nature." *See State v. Barnes*, 329 Or 327, 338, 986 P2d 1160 (1999). After hearing the evidence and the parties' closing arguments, the trial court commented that it was having "difficulty with the knowingly," and asked defense counsel if he agreed with the proposed instruction. When he responded that he did, the trial court found defendant guilty of assaulting a public safety officer "based on that jury instruction."

---

[1] ORS 163.208 has been amended since the conduct at issue here; however, because those amendments do not affect our analysis, we refer to the current version of the statute in this opinion.

[2] Defendant was also convicted of several misdemeanors, which are not at issue here.

After defendant's trial, the Supreme Court overruled *Barnes* and concluded that to be guilty of assault, a defendant must knowingly engage in assaultive conduct and be at least criminally negligent with respect to the resulting injury. *State v. Owen*, 369 Or 288, 322, 505 P3d 953 (2022). The parties dispute whether defendant preserved his argument, but we need not address that issue because the state concedes, and we accept its concession, that the trial court's failure to consider a culpable mental state for resulting injury constitutes plain error. The state, however, contends that we should not exercise our discretion to correct the error because any error was harmless. As explained, we disagree that the error was harmless. Given the gravity of the error, we exercise our discretion to correct it. *See State v. Stone*, 324 Or App 688, 693-94, 527 P3d 800 (2023) ("In deciding whether to exercise discretion to correct instructional errors of this type, we and the Supreme Court have primarily focused on whether the error was harmless, that is, whether there is little likelihood that it affected the verdict.").[3]

In assessing harmlessness, "we consider the instructions as a whole and in the context of the evidence and record at trial, including the parties' theories of the case with respect to the various charges and defenses at issue." *Owen*, 369 Or at 323 (internal quotation marks and citation omitted). Criminal negligence requires that defendant "fail[ed] to be aware of a substantial and unjustifiable risk *** of such nature and degree that the failure to be aware of it constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation." ORS 161.085(10).

Here, we cannot be certain that the trial court would have concluded that defendant was criminally negligent as to the risk of injury to the officer absent the error. As noted,

---

[3] The parties dispute whether the beyond-a-reasonable-doubt standard for harmless error applies where the error was not preserved. *See State v. Perkins*, 325 Or App 624, 630-31, 529 P3d 999 (2023) (observing that the failure to submit a required element of an offense to the jury is a federal constitutional error, so, at least where the error is preserved, the standard for harmless error is beyond a reasonable doubt). We need not resolve that dispute because we conclude that the error is not harmless under either standard.

the evidence indicated that defendant did not use enough force to cause pain where he impacted the officer. *Cf. State v. Chemxananou*, 319 Or App 636, 640, 510 P3d 954, *rev den*, 370 Or 303 (2022) (error was harmless where the jury found that defendant strangled, kicked, and punched his children with enough force to injure them directly). Additionally, defendant was facing away from the officer, and neither he nor we know what her stance was at the time of the strike, such that we could assess the likelihood that she would lose her balance, fall, and be injured. As a result, we cannot be certain that the trial court would have determined that the risk of injury to the officer was of such nature and degree that the failure to be aware of it constituted a gross deviation from the standard of care that a reasonable person would exercise. *Stone*, 324 Or App at 695 (in assessing harmlessness, "the issue is not whether a jury *could* have found defendant to have the requisite mental state on this record; rather, it is whether there is some likelihood that the jury might *not* have been persuaded that he had the requisite mental state, had it considered that issue" (emphases in original)).

Conviction on Count 1 reversed and remanded; remanded for resentencing; otherwise affirmed.